DECISION AND JOURNAL ENTRY
Mark Wilkerson appeals from the judgment of the Cuyahoga FallsMunicipal Court, which found him guilty of a minor misdemeanor violationof Cuyahoga Falls Ordinance 351.18(B) for improperly maintaining a junkvehicle on his property. This court affirms.
 I.
In June 1994, the city of Cuyahoga Falls ("the city") notified Wilkerson that he may be in violation of a city ordinance for having two junk vehicles parked in his driveway. The city again notified Wilkerson of the potential violation in September 1996. In January 2000, a neighbor filed a complaint with the police alleging that Wilkerson had junk vehicles on his property for the past nine years. On January 12, 2000, a patrolman issued Wilkerson a warning to remove a 1953 Ford and a 1980 Cadillac from the premises or to have the vehicles properly licensed by January 21, 2000, or the cars would be towed. On January 21, two citations were issued for maintaining the junk vehicles on the property in violation of Cuyahoga Falls Ordinance 351.18(b).
Wilkerson contested the citations and the case proceeded to a bench trial on February 10, 2000. The trial court found Wilkerson guilty on one count and not guilty on one count. Apparently Wilkerson had obtained new license plates for the 1953 Ford prior to the issuance of the citations.
Wilkerson filed the instant appeal, assigning two errors.
II.
 FIRST ASSIGNMENT OF ERROR
 THE COURT ERRED IN NOT DISMISSING THE CASE FOR FAILURE OF THE PROSECUTION TO BRING ALL WITNESSES AGAINST THE ACCUSED IN TO TRIAL. THIS DENIED THE ACCUSED THE RIGHT TO FACE ALL OF HIS ACCUSERS AND TO CROSS-EXAMINE THEM PURSUANT TO THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION
Wilkerson argues that he was denied his constitutional right to face his accusers, namely the citizen who initially filed the complaint and one of the two responding officers. Neither of these persons appeared as witnesses, and Wilkerson contends that he was deprived of his constitutional right of confrontation when the state failed to produce these witnesses. However, Wilkerson misconstrues the constitutional guarantees.
"The Sixth Amendment to the United States Constitution guarantees theaccused in a criminal prosecution the right `to be confronted with thewitnesses against him.' Likewise, the Ohio Constitution provides that inany trial, the accused must be permitted `to meet the witnesses face toface.'" In re Howard (1997), 119 Ohio App.3d 33, 37. The right of a defendant to face his accuser applies only where the accuser actually testifies against the defendant or provides information which is used at trial against the defendant. Although a third person filed the initial complaint against Wilkerson, one responding detective witnessed the violations at issue and testified about these violations. Wilkerson was able to cross-examine this witness. No information provided by the original complainant was used against Wilkerson at trial.
Wilkerson presents no legal or factual argument to support his first assignment of error. The assigned error is overruled.
III.
 SECOND ASSIGNMENT OF ERROR
 THE COURT ERRED IN NOT DISMISSING THE CASE FOR LACK OF SUFFICIENT PRIMA FACIE EVIDENCE TO RENDER A VERDICT OF GUILTY. THIS VIOLATED THE RULES OF EVIDENCE, THE ACCUSED'S RIGHT OF ASSUMPTION OF INNOCENCE UNTIL PROVEN GUILTY BEYOND A REASONABLE DOUBT, AND THE LACK OF DUE PROCESS PURSUANT TO THE 5TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I SECTION 15 OF THE OHIO CONSTITUTION.
In his second assignment of error, Wilkerson argues that the 1980 Cadillac was actually a collector's vehicle, which is exempt from the city ordinance governing storage of junk vehicles. Wilkerson points out that the State of Ohio licensed the vehicle as a collector's vehicle in 1997, that Cuyahoga Falls Ordinance 351.18(d) exempts from its provisions collector's vehicles, and consequently, the trial court erred in failing to dismiss the charge related to the Cadillac.
The ordinance provides that "[n]o person shall park or keep any junk motor vehicle in any place other than a lawful private garage or parking garage." Cuyahoga Falls Ordinance 351.18(b). The ordinance specifically states that a junk motor vehicle
 does not include a collector's vehicle as defined in Ohio R.C. 4501.01(F) but includes any vehicle that:
 Does not have current lawful license plates, has not been moved for forty-eight consecutive hours and is apparently inoperable; or
 Is not roadworthy including, but not limited to: missing motor, transmission, headlight, door, windshield, wheel or tires, extensively damaged body, broken axle, wheel, windshield or windows.
Cuyahoga Falls Ordinance 351.18(d). R.C. 4501.01(F) defines a collector's vehicle as one that is of special interest, that has a fair market value of one hundred dollars or more, whether operable or not, and that is owned, operated, collected, preserved, restored, maintained, or used essentially as a collector's item, leisure pursuit, or investment, but not as the owner's principal means of transportation.
The city argues that Officer Garinger testified that the Cadillac met all of the elements necessary to exempt it from the status of a collector's vehicle for purposes of the ordinance. Namely, Garinger testified that the Cadillac had no license, had no engine, and had been sitting in the yard for at least several weeks prior to the citation. The city also points to Wilkerson's admission at trial that he did not have lawful plates, and that he did not move the Cadillac for over six months. Finally, the city argues that it is the burden of the owner to prove that a vehicle is a "collector's vehicle" because the statutory definition of "collector's vehicle" involves the subjective intent of the owner. In an opening statement to the court Wilkerson said that the 1980 Cadillac was a collector's vehicle because that was the only year that the Cadillac "was produced with that specific engine." However, it was undisputed that Wilkerson's Cadillac was without an engine.
This court construes Wilkerson's second assignment of error as achallenge of the sufficiency of the state's evidence against him. "Onreview for sufficiency, courts are to assess not whether the state'sevidence is to be believed, but whether, if believed, the evidenceagainst a defendant would support a conviction." State v. Thompkins
(1997), 78 Ohio St.3d 380, 390. In the instant case, the prosecution presented evidence that Wilkerson had a 1980 Cadillac in his yard, which was not licensed, had not been moved within the last six months, and was not operable because it had no engine. As such, the prosecution presented sufficient evidence which, if believed, would allow a reasonable trier of fact to conclude that the vehicle was not exempt from the city's junk vehicle ordinance because it was unlicensed, inoperable, and had been stationery for over forty-eight hours. Wilkerson himself conceded these elements at trial.
This court cannot conclude that the trial court erred in determining that the prosecution presented legally sufficient evidence to permit the conviction. Wilkerson's second assignment of error is overruled.
 IV. Having overruled Wilkerson's assignments of error, we affirm thejudgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., SLABY, J., CONCUR